(No. 94-CC-1273—

EDWARD HALL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 1, 1995.*
*Order filed May 9, 1995.*

KROHN JENKINS & ANDERSON (ROBERT J. JENKINS, of counsel), for Claimant.

JIM RYAN, Attorney General (DAVID S. RODRIGUEZ, Assistant Attorney General, of counsel), for Respondent.

ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss, the Court being fully advised in the premises, the Court finds:

(1) Respondent has moved to dismiss this action on two grounds, namely (1) failure to exhaust remedies and (2) failure to state a cause of action for defamation *per se*. We find that Respondent's motion to dismiss should be granted.

(2) Claimant was employed by the Department of Mental Health and Developmental Disabilities at the Madden Mental Health Center as a lieutenant in the security service. He claims that he was improperly suspended for 10 days. Count I claims $1,100 for lost wages, and Count II is for damages of $500,000 or more for alleged "defamation *per se*" wherein Claimant alleges that the mere fact of suspending Claimant for these charges was "willful, malicious and wanton."

An administrative grievance procedure applicable to this employment action is provided for by law. The procedure is described in 80 Ill. Adm. Code section 303.20. A predisciplinary hearing was held. Claimant failed to submit a grievance or appeal within the time provided although Claimant states he unsuccessfully attempted to have an appeal heard.

The complaint does not allege with specificity what administrative steps he took, and he did not file an action in the circuit court pursuant to the Administrative Review Law. He failed to exhaust his remedies.

(3) Claimant alleges that "disciplining him for alleged mistreatment of service recipients was tantamount to allegations of criminal misconduct and malfeasance in job performance." He alleges no specific defamatory statements, who made them, that there was an unprivileged publication to a third party, and how he was specifically damaged. The complaint fails to state a cause of action.

It is therefore ordered that the Respondent's motion to dismiss is granted, and this action is dismissed, and forever barred.

436

## ORDER

Raucci, J.

This cause coming on to be heard on the Claimant's motion for new trial, the Court being fully advised in the premises, it is ordered that the motion for new trial is denied.